UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X   For Online Publication Only
CHAPLAIN HARRY FORE,

        Plaintiff,

  -against-                                                                  **ORDER**
                                                                                       23-cv-03610 (JMA) (ST)
DENIS R. MCDONOUGH, Secretary
of Veteran Affairs,

        Defendant.
──────────────────────────────────────X

**AZRACK, United States District Judge:**

    Before the Court is a request from Denis R. McDonough, Secretary, United States Department of Veterans Affairs ("Defendant") to schedule a pre-motion conference in anticipation of Defendant moving to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (See ECF No. 22.) Alternatively, Defendant asks this Court to sua sponte dismiss Chaplain Harry Fore's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction. (See id.)

## I.    BACKGROUND

    Pro Se Plaintiff Chaplain Harry Fore filed an initial complaint on May 11, 2023. (See ECF No. 1.) On September 5, 2023, Plaintiff filed an Amended Complaint. (See ECF No. 14.) Defendant's deadline to answer or otherwise respond to the Amended Complaint was February 16, 2024. (See Electronic Order, dated December 28, 2023 (granting Defendant's request for an extension of time to answer).) The gravamen of Plaintiff's Amended Complaint is that the U.S. Department of Veterans Affairs ("VA") committed "clear and unmistakable" errors when it allegedly denied his claims for service-connected disability compensation. (See ECF No. 14.) Plaintiff further asserts that he was harmed by the VA's failure to "assist claimants in obtaining

1

evidence." (See id. at 2.) It is not clear from either complaint exactly what relief Plaintiff seeks from the Court. But for the below reasons, the Court does not have subject matter jurisdiction over any claim for VA benefits. Thus, the Court sua sponte dismisses Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

## II.     DISCUSSION

A.     Statutory Scheme for Veterans' Benefits Claims

The VA administers federal laws that distribute benefits to veterans of the United States Armed Forces. See 38 U.S.C. § 301(b). A veteran may be entitled to compensation in the form of a monthly payment if he is disabled due to an injury suffered during active duty. See 38 U.S.C. § 1110; see also 38 C.F.R. § 3.4. The amount of compensation is determined through a rating system whereby the VA assigns a percentage and associated dollar amount to a given veteran's disability to reflect "as far as can practically be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations." 38 C.F.R. § 4.1.

Congress designed a comprehensive, non-adversarial administrative process for veterans who submit claims for benefits to the VA. See Daniel Sugrue v. Edward J. Derwinski, Secretary of Veterans Affairs, 26 F.3d 8, 12 (2d Cir. 1994) ("A veteran claiming disability benefits from the VA enjoys 'a beneficial non-adversarial system' of adjudicating veterans benefits claims."). For example, the process requires the VA to take reasonable measures to assist a veteran in obtaining evidence in support of a claim, to seek all relevant records, and to notify the veteran of additional evidence that the VA will require when adjudicating the claim. See 38 U.S.C. §§ 5103, 5103A.

Congress has likewise provided veterans with a robust, multitiered, and exclusive system for challenging decisions regarding benefits claims under the Veterans Judicial Review Act, Pub.

L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA").  See Sugrue, 26 F.3d at 12 ("[T]he scheme of review for veterans' benefit claims provides meaningful remedies in a multitiered and carefully crafted administrative process.").  A veteran dissatisfied with an initial VA decision may elect various types of post-decisional review before the agency of original jurisdiction and/or before the Board of Veterans' Appeals ("Board"), which is the final appellate body within VA.  See 38 U.S.C. § 7104(a).  A veteran dissatisfied with the Board's decision may appeal to the United States Court of Appeals for Veterans Claims within 120 days after the Board issues its decision.  See id. §§ 7252, 7261(a)(1), 7266(a).  This independent Article I court has authority to review all relevant legal and factual issues, including constitutional claims and challenges to statutory or regulatory provisions.  See id. § 7261(a).

If neither of the first two levels of review resolves the issue in favor of the claimant, further review is available in the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  See 38 U.S.C. § 7292.  When reviewing such a decision, the Federal Circuit has authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions."  Id. § 7292(d)(1).  In appropriate cases, further review may be sought in the Supreme Court of the United States.  See id. § 7292(c); see, e.g., Shinseki v. Sanders, 556 U.S. 396 (2009).

B.   District Courts Lack Subject Matter Jurisdiction to Review VA Benefits Determinations

The VJRA provides that this multi-step review scheme is the exclusive means to obtain judicial review of any "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."  38 U.S.C. § 511(a); see James E. McMillan v. Togus Regional Office, Dep't of Veterans' Affairs, 120 F. App'x. 849, 851–52 (2d Cir. 2005) ("[T]he district court properly

3

determined that it lacked subject matter jurisdiction to review McMillan's claims regarding eligibility for disability benefits because, 'the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.'") (citing 38 U.S.C. § 511(a)); see also John P. Hassan v. U.S. Dep't of Veterans Affairs, 137 F. App'x. 418, 420 (2d Cir. 2005) (affirming a district court's sua sponte dismissal of a plaintiff's complaint, which challenged his expulsion from a VA facility, because "[u]nder 38 U.S.C. § 511(a), the district court is barred from reviewing the defendant's determination.") (citing Sugrue, 26 F.3d at 11).

As a court in this district concluded in Muhammad Ahmad Majid v. Dova Medical Center, "[t]his Court does not have jurisdiction over plaintiff's claim. In cases involving veterans' claims for benefits, Congress has created an exclusive channel of judicial review. [Summary of the statutory scheme set forth above]. Nowhere is there provision for original decision by or appeal to the United States District Courts or United States Circuit Courts other than the Federal Circuit." 2013 WL 3766559, *2 (E.D.N.Y. July 11, 2013) (Amon, C.J.) (emphasis added) (internal citations omitted); see also James E. McMillan III v. Togus Regional Office, Dep't of Veterans Affairs, 2003 WL 23185665, *1 (E.D.N.Y. Nov. 18, 2003) (Weinstein, J.) (Under 38 U.S.C. § 511(a), "[i]n addition to the administrative appeals process, the Court of Appeals for the Federal Circuit has exclusive jurisdiction to review VA benefit determinations. This court lacks subject matter jurisdiction.").

C.   District Court Review of VA Benefit Decisions Is Barred by the Tucker Act

Review of VA benefit decisions by the federal district courts is also barred by the Tucker Act, which states, in pertinent part, that, "[t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension." 28 U.S.C. § 1346(d). Claims for VA death and

4

disability compensation have long been considered claims for pension for purposes of this statute. See, e.g., Morgan v. United States, 115 F.2d 426 (5th Cir. 1940) (death compensation); Smith v. United States, 57 F.2d 998 (4th Cir. 1932) (disability compensation); Randolph v. United States, 69 F. Supp. 156 (S.D. Tex.), aff'd, 158 F.2d 787 (5th Cir. 1946) (disability compensation). Thus, Section 1346(d) serves as a further bar to district court jurisdiction over Plaintiff's claims.

D.     Plaintiff Has Failed to Exhaust Available Remedies

Generally, a party may not seek judicial review of an adverse administrative action until he or she has exhausted all available administrative remedies. See, e.g., Whitney Nat'l Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 422 (1965) (where Congress "has enacted a specific statutory scheme for obtaining review" of an agency's action, "the doctrine of exhaustion of administrative remedies" requires adherence to the administrative remedies); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938). Exhaustion promotes judicial efficiency by reserving the courts' resources for matters which cannot be resolved administratively. See McKart v. United States, 395 U.S. 185, 195 (1969). A claimant for VA benefits must exhaust administrative remedies by obtaining a final Board decision before the claim is ripe for review in any court. See Davis v. United States, 36 Fed. Cl. 556, 560 (1996).

Here, although Plaintiff is well outside the one-year period to appeal to the Board, he is not without recourse, as he can always file a supplemental claim. See 38 C.F.R. § 3.2501. Additionally, to the extent he is trying to challenge VA's April 1980 decision, he can request revision based on clear and unmistakable error, which must be initiated through the VA. See 38 C.F.R. § 3.105(a). But Plaintiff has instead attempted to seek judicial review in the district court more than 40 years after the decision at issue. Plaintiff has not exhausted his administrative remedies because he has not pursued the matter through the available administrative processes.

Thus, his claims against VA are not ripe for judicial review.

Based upon the foregoing, the Court sua sponte dismisses Plaintiff's Amended Complaint for lack of subject matter jurisdiction. See Hassan, 137 F. App'x. at 420.

### III.     CONCLUSION

Accordingly, the Court sua sponte dismisses Plaintiff's Amended Complaint for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Dated: April 12, 2024
Central Islip, New York

/s/  JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE